Tbe opinion of tbe Court was delivered by
MuNro, J.
It bas been repeatedly adjudged by tbis Court) as also by tbe Court of Equity, tbat under tbe powers conferred by the eighth section of tbe Act of 1840, (11 Stat. 110,) upon Masters and Commissioners in Equity, “ to grant injunctions, both special and common, in conformity to tbe rules and practice of tbe Court, ” tbat they also possess tbe power, as incidental thereto, of compelling a defendant to give security to abide tbe order of injunction, for tbe forthcoming of tbe property in litigation. See Ellis vs. Commander, 1 Strob. Eq. 188; Norris vs. Williams, 8 Rich. 58; Aldrich vs. Kirkland, Ibid, 349.
Tbe only instance, however, in which a Court of Equity bas ever required a party complainant applying for an injunction to give security, bas been where tbe application was made by a party seeking relief from a verdict, or judgment at law.
Upon applications of tbis bort, it was. formerly tbe practice of tbat tribunal, before granting tbe injunction, to require tbe complainant, who was tbe defendant in tbe action at law, to deposit a sum equal to tbe amount of tbe verdict, or judgment.
Tbe practice of requiring a deposit in such cases, having been found to be attended with much inconvenience to suitors, tbe legislature, with tbe view of remedying tbis inconvenience, in tbe year 1784, (see 7 Stat. 209,) passed an Act, requiring tbe party applying for such injunction, in lieu of tbe deposit, “ to give bond in such sum, and in such condition as tbe Court shall direct.”
*432 From that period, down to tbe present time, it is believed that tbe practice of that Court in granting injunctions against proceedings at law, has been in strict conformity with tbe requirements of tbis statute.
Prior to tbe year 1840, tbe power of granting sucb injunctions was vested exclusively in tbe Chancellors. In that year, however, tbe legislature, by tbe tenth section of tbe Act already referred to, thought proper to confer upon tbe Masters and Commissioners in Equity, concurrent authority with tbe Chancellors, upon condition, however, that before granting-such injunction, they should require tbe applicant to execute a bond as required by law in sucb case.
Erom tbis brief examination into tbe authority of Masters and Commissioners, to grant injunctions, as also tbe mode and manner of exercising it, whether as prescribed by legislative enactment, or by tbe rules and practice of tbe Court of Equity; it is manifest, that in no case, except where tbe application for an injunction, is “ for stay of proceedings in any action, or upon any judgment, or execution at law,” has a Commissioner authority to require of tbe party making tbe application a bond or other security, preliminary to granting sucb injunction ; tbis being tbe case then, tbe conclusion is irresistible, that so much of tbe order made by tbe Commissioner, as required tbe defendant, Martin, tbe prochien amie of tbe complainant in tbe suit in Equity, to enter into bond, in tbe condition therein recited, was wholly unauthorized, and without even tbe semblance of legal authority to sustain it. We are therefore satisfied that tbe defendant’s ground for a non-suit is well taken, and that their motion must be granted, which is accordingly ordered.
O’Nball and WhitNER, JJ., concurred.

Motion granted.